UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL D. BUHL & LUCE L. BUHL,       : | |
| Plaintiffs,       : | |
| : | |
| v.       : | CASE NO. 3:16-cv-1808 (VLB) |
| : | |
| WILLIAM D. GRADY, et al.,       : | November 8, 2016 |
| Defendants.       : | |

ORDER OF DISMISSAL
FOR LACK OF SUBJECT MATTER JURISDICTION

This action was filed on November 2, 2016 by Paul D. Buhl and Luce L. Buhl ("Plaintiffs") against William D. Grady, Federal National Mortgage Association, and Liberty Bank ("Defendants"). The Complaint alleges that "Liberty Bank commenced a foreclosure action against the Plaintiffs, including a claim for deficiency judgment, concerning real property at 12 Casner Road, East Haddam, Connecticut ("Property"), more particularly described in Schedule A hereto. A judgment of judicial foreclosure by sale was entered with sale scheduled for May 21, 2016. Grady was appointed committee of sale." [Dkt. No. 1 at ¶11.] Grady conducted a sale of the Property and the Superior Court approved the sale over the Plaintiff's objections. *Id.* at ¶12. Plaintiffs seek an order of this court declaring the conveyances of the Property by the mortgagee and the purchaser at the foreclosure sale incident to the Superior Court order void *ab initio,* enjoining the conveyance of the property and quieting title to the Property. *Id.* at ¶¶19, 21, First Wherefore Clause.

Adjudication of this case requires the review of a final Judgment entered in Connecticut Superior Court. It would be both inappropriate and impermissible for

this Court to entertain the matter and enter a ruling on the merits. Pursuant to the *Rooker – Feldman* doctrine, Federal District Courts are courts of limited jurisdiction, and lack the authority to review final state court judgments. *See Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court."). As the court stated in *Atantic Coast Line Railroad Co.*, "[w]hile the lower federal courts were given certain powers in the [Judiciary Act of 1789, 1 Stat. 73], among those powers was not the power to review directly cases from state courts, and they have not been given such powers since that time." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).

The Second Circuit has articulated four requirements for the application of the *Rooker – Feldman* doctrine: (1) the federal-court plaintiffs lost in state court; (2) the plaintiffs complain of injuries caused by a state court judgment; (3) the plaintiffs invite review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Here the Complaint alleges that the Plaintiff was a defendant in a foreclosure case before the state Superior Court prior to filing this case. The state court ordered the Plaintiff's property sold. The Plaintiffs contest the decisions of the state court and ask this court to void the conveyances made pursuant to the state court decision and order. This case falls squarely within the

2

four prongs of the Second Circuit's test.  This Court therefore lacks subject matter jurisdiction over this matter.  *Vossbrinck*, 773 F.3d at 426.  The Court has authority to dismiss a case for lack of subject matter jurisdiction *sua sponte*.  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont,* 565 F.3d 56, 63 (2d Cir. 2009).

      Wherefore, this case is hereby ordered, adjudged and decreed DISMISSED. The Clerk is directed to close the case.

                                                          /s/

                                      Vanessa L. Bryant
                                      United States District Judge

Dated this 8th day of November, 2016 at Hartford, Connecticut.